# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No.

| | |
|---|---|
| BIG O TIRES, LLC, a Nevada limited liability company | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| C&S TIRES, INC., a Nevada corporation, CRAIG A. BRADY, an individual and SHERI E. BRADY, an individual Defendants. | ) ) ) ) ) |

## COMPLAINT AND DEMAND FOR INJUNCTIVE RELIEF

Plaintiff, Big O Tires, LLC f/k/a Big O Tires, Inc. ("Big O"), by and through its undersigned counsel, hereby submits this Complaint against C&S Tires, Inc., Craig A. Brady and Sheri E. Brady (collectively the "Defendants").

## I. PARTIES

1. Big O is a Nevada company that transacts business in Colorado and has an address in Colorado of 5025 Florence Street, Unit A, Denver, Colorado 80238.

2. C&S Tires, Inc. ("C&S") is a Nevada corporation whose address was 828 South Boulder Highway, Henderson, Nevada 89015.

3. Craig A. Brady ("C. Brady") is a citizen and resident of Nevada whose home address is 381 E. Country Club Drive, Henderson, NV 89015.

4. Sheri E. Brady ("S. Brady") is a citizen and resident of Nevada whose home address is 381 E. Country Club Drive, Henderson, NV 89015.

511027

5. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1331 because this matter concerns a claim for relief made pursuant to the Lanham Act. 15 U.S.C. § 1051, *et seq.*

## II.  JURISDICTION AND VENUE

6. Personal jurisdiction and venue are proper in Colorado as the Defendants consented to jurisdiction and venue in Denver, Colorado.

7. In addition, venue and personal jurisdiction is proper in that the Defendants have transacted business in Colorado, have signed a franchise agreement that specifies that it was accepted in Colorado and also states that it was governed by Colorado law.

## III.  GENERAL ALLEGATIONS

8. Big O is a franchisor of retail tire and automotive stores. Big O relies upon standardization and strict quality control as a key element to its franchise system.

9. Big O has approximately 400 franchises in the United States including approximately 19 franchises and locations in Nevada and 61 franchises and locations in Colorado, each doing business as "Big O Tires".

10. The relationship between Big O and the franchise locations are governed by franchise agreements that allow the franchisees, for a ten year term, to use Big O's trademarks, service marks, trade dress and licensed methods in exchange for, among other things, royalties.

11. Big O owns numerous United States registrations of its service and trademarks (collectively the "Marks"), including without limitation the following:

    a. "BIG-O," Registration No. 993,415, registered September 24, 1974;

    b. "BIG O," Registration No. 994,466, registered October 1, 1974;

    c. "BIG O TIRES" and Design, Registration No. 1,611,160, registered August 28, 1990;

d. "BIG O TIRES," Registration No. 2,411,926, registered December 12, 2000; and

e. "EXTRA CARE" and Design, Registration No. 1,417,730, registered November 18, 1986.

12. Each of the listed registrations is now considered incontestable under 15 U.S.C. § 1065.

13. Big O also owns trade dress that is used in connection with its stores that consists of the overall layout of the franchised locations including decorative black and red stripes, a red and white interior, red and black employee uniforms, various point of purchase materials and displays and a distinctive font that is part of the design for Registration No. 1,611,160 for "BIG O TIRES" (collectively the "Trade Dress").

14. Effective March 31, 2000 C&S entered into a franchise agreement (the "Agreement") with Big O that, among other things, licensed C&S to use the Marks for the ten-year term of the Agreement. *See* Exhibit 1 attached hereto.

15. The Agreement was guaranteed in all respects by C. Brady and S. Brady. *See* Schedule 3 to Exhibit 1.

16. The Agreement was renewed by amendment to provide for an expiration date of March 31, 2015.

17. C&S, in turn, operated a Big O franchise at 828 South Boulder Highway, Henderson, Nevada 89015.

18. The Agreement expired on March 31, 2015.

19. Despite an opportunity to renew the franchise relationship at a different location or assistance in selling, the Defendants did not renew and continued to use the Marks and Trade Dress in Henderson.

20. On April 15, 2015 and again on May 1, 2015, the Defendants were sent cease and desist letters stating that their continued use of the Marks were both an infringement and a breach of Section 20 of the Agreement. *See* Exhibits 2 and 3 attached hereto.

21. Exhibit 3 also advised the Defendants that they needed to comply with the other post termination obligations in Section 20 of the Agreement including transferring and assigning to Big O all telephone numbers, providing Big O with the customer list and ceasing use of the Trade Dress.

22. C&S did not cease using the Marks and the Trade Dress until after the March 31, 2015 expiration date nor did C&S sign over the telephone numbers or provide the customer lists by the May 4, 2015 deadline in Exhibit 3.

23. Finally, C&S is indebted to Big O for product purchases, royalties and the national advertising fund in the amount of $6,424.20.

## IV. FIRST CLAIM FOR RELIEF
**(Infringement of Federally Registered Trademarks against All Defendants)**

24. Big O incorporates herein all prior allegations.

25. Big O's exclusive right to use the Marks in connection with the advertising and selling of tires and automotive goods and services is evidenced by Big O's federal registrations of the Marks. The registrations for the Marks are in full force and effect, unrevoked and uncancelled. Moreover, pursuant to Section 7 of the United States Trademark Act (15 U.S.C. § 1057), the registrations for the Marks are prima facie evidence of the validity and subsistence of the Marks as well as Big O's ownership of and exclusive right to use the Marks in commerce without restriction or limitation.

26. Big O has developed a highly successful system for the advertising and selling of tires and automotive goods and services.

27. Big O has devised services, procedures and programs to enable those who license the Marks to compete more effectively in providing such goods and services. The Marks have been and continue to be widely publicized through extensive advertising in the United States. Many millions of dollars have been spent in connection with such advertising. As a result, consumers of Big O's goods and services in the United States have come to associate the Marks used by Big O and its franchisees with goods and services of a high and uniform quality, and sales of goods and services under the Marks, have been and are substantial.

28. As a result of these extensive advertising expenditures and substantial sales, the Marks owned by Big O are well and favorably known to the purchasing public as a distinctive indicator of the goods and services offered by Big O and its franchisees.

29. At present, there are approximately 400 franchise-owned Big O Tires businesses in the United States, each of which is licensed to use the aforementioned Marks. All use of the Marks by such franchises and any company-owned locations inures to the benefit of Big O pursuant to Section 5 of the United States Trademark Act (15 U.S.C. § 1055).

30. Despite Big O's established rights in the Marks, the Defendants used the Marks in connection with the sale of goods and services identical to those offered by Big O and its franchisees at the location of the former Big O franchise at 828 South Boulder Highway, Henderson, Nevada 89015.

31. The Defendants' unauthorized use of the Marks on and in connection with the sale of automotive goods and services as described above constituted the unauthorized use in commerce of a reproduction, copy, or colorable imitation of the registered Marks in connection with the sale, offering for sale, and advertisement of C&S's goods and services, which use was likely to cause

confusion, to cause mistake, or to deceive as to the source or origin of C&S's goods and services, in violation of Section 32 of the United States Trademark Act (15 U.S.C. § 1114(1)).

32. The Defendants had actual knowledge of Big O's rights in the Marks during the time that they conducted their infringing activities by virtue of both the Agreement and the cease and desist letters.

33. Thus, the Defendants willfully and deliberately infringed Big O's rights in the Marks.

34. The Defendants' acts of infringement caused loss of reputation and pecuniary damages to Big O and its franchisees.

WHEREFORE, Big O seeks the relief requested at the end of this Verified Complaint.

## V. SECOND CLAIM FOR RELIEF
### (Unfair Competition In Violation Of Federal Law Against all Defendants)

35. Big O incorporates herein all prior allegations.

36. The Marks and Trade Dress were in use by Big O and its franchisees long before the Defendants began their unauthorized use of the Marks and Trade Dress.

37. The Defendants' unauthorized use of the Marks and Trade Dress on and in connection with the sale of tires and automotive goods and services as described above constituted the unauthorized use in commerce of a word, term, name, symbol, or device, which use was likely to cause confusion, or to cause mistake, or to deceive, as to the affiliation, connection, or association of C&S with Big O, or as to the origin, sponsorship, or approval of C&S's goods and services or C&S's commercial activities by Big O, in violation of Section 43(a) of the United States Trademark Act (15 U.S.C. § 1125(a)(1)).

38. The Defendants' acts of unfair competition caused loss of reputation and pecuniary damages to Big O and its franchisees.

WHEREFORE, Big O seeks the relief requested at the end of this Verified Complaint.

## VI.  THIRD CLAIM FOR RELIEF
### (Breach of Contract against C&S)

39. Big O incorporates all prior allegations.

40. The continued use of the Trademarks and Trade Dress are also a breach by C&S of Section 20.01(a) which precludes C&S after termination of its franchise rights from "directly or indirectly, represent[ing] to the public that the former Franchised Business is or was operated or in any way connected with the Big O System or hold itself out as a present or former Franchisee of Big O."

41. C&S breached Section 20.01(b) by failing to pay the $6,424.20 owed to Big O.

42. C&S breached Section 20.01(e) of the Agreement by failing to transfer and assign to Big O the following telephone numbers: a) 702.565.5457; and b) 702.565.9393.

43. In addition, C&S breached Section 20.01(h) of the Agreement by failing to make available its customer list.

44. Big O has been damaged by C&S's breaches of the Agreement, although some of C&S's breaches are not readily quantifiable in money damages.

WHEREFORE, Big O seeks the relief requested at the end of this Verified Complaint.

## VII.  FOURTH CLAIM FOR RELIEF
### (Big O Against C. Brady and S. Brady for Breach of the Guarantees)

45. Big O incorporates all prior allegations.

46. By virtue of their Guarantees contained in Schedule 3 to the Agreement, C. Brady and S. Brady guaranteed that C&S would perform each and every covenant, payment, agreement and undertaking contained and set forth in or arising out of the Agreement.

47.   C. Brady and S. Brady breached the Guarantee by allowing C&S to breach Sections 20.01(a), 20.01(b), 20.01(e) and 20.01(h) of the Agreement.

48.   Big O has been damaged by the breaches of the Guarantees of C. Brady and S. Brady, although some of the Bradys' breaches are not readily quantifiable in money damages.

WHEREFORE, Plaintiff requests the following relief:

a.   Pursuant to 15 U.S.C. § 1116, the Defendants and their officers, agents, servants, employees and attorneys, and those persons in active concert or participating with them who receive actual notice of this order by personal service or otherwise be enjoined from engaging in the following acts:

   i.   Using the Marks and Trade Dress in the advertising or sale of tires and automotive services;

   ii.  Using in any manner any service mark, trademark, trade name, trade dress, words, numbers, abbreviations, designs, colors, arrangements, collocations or any combination thereof which would imitate, resemble or suggest the Marks or Trade Dress;

   iii. Otherwise infringing the Marks or Trade Dress;

   iv.  Unfairly competing with Big O, diluting the distinctiveness of Big O's well known Marks and Trade Dress and otherwise injuring Big O's business reputation in any manner;

   v.   Publishing any telephone listings using the Marks and any other name containing words confusingly similar with the Marks.

b. Pursuant to 15 U.S.C. § 1116 and applicable contractual provision in the Agreement that the Defendants assign to Big O its business telephone numbers: a) 702.565.5457; and b) 702.565.9393;

c. Pursuant to 15 U.S.C. § 1118 that the Defendants be directed to deliver to Big O all signs, advertising materials, forms, labels, prints, packages, wrappers, receptacles and all other materials in possession of or under the control of the Defendants, that use the Marks or Trade Dress;

d. That Big O be awarded damages and prejudgment interest for the Defendants' infringement and unfair competition with regard to the Marks and Trade Dress in an amount to be proved at trial and that such damages be enhanced pursuant to 15 U.S.C. § 1117 as applicable;

e. That the Defendants be required to turn over the Customer List;

f. That Big O be awarded damages and interest in an amount to be proved at trial for the Defendants' failure to pay for product, royalties and the National Advertising Fund;

g. Pursuant to applicable rule, statute and contractual provision, Big O be awarded its costs and attorneys' fees;

h. That the Defendants be required to file with the Court and serve on Big O within 30 days after the issuance of any injunction, a report in writing and under oath setting forth in detail the manner and form in which they have complied with any injunction entered by the Court; and

i. That Big O be granted such other, further, different or additional relief as the Court deems equitable and proper.

Respectfully submitted this 24th day of March, 2016.

        ROBINSON WATERS & O'DORISIO, P.C.

By: */s/ Harold R. Bruno, III*
    Harold R. Bruno, III
    Jena R. Akin
    1099 18th Street, Suite 2600
    Denver, CO 80202
    Telephone:  (303) 297-2600
    Facsimile:  (303) 297-2750
    Email:    *hbruno@rwolaw.com*
                *jakin@rwolaw.com*